## THE ELIDA.[1]

ZINCKE, Master of the Elida, *v.* WITTHOFF and others.

*(District Court, E. D. Pennsylvania.   June 28, 1887.)*

1. DEMURRAGE—TRANSFER OF CARGO—NOTICE.
    To relieve the owner of a cargo, when he has transferred it, from responsibility for demurrage, he must show that notice of such transfer was given to the master of the ship.
2. SAME—CUSTOM OF PORT.
    Demurrage will not be allowed for delay caused by unloading in accordance with the custom of the port.

In Admiralty.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

*Charles Gibbons, Jr.*, for libelant.
*Driver & Coulston*, for respondents.

BUTLER, J. Knowledge of the alleged transfer of cargo by respondents is not brought home to the libelant. To shift responsibility for the demurrage claimed this fact should be made clear. The respondents were dealt with as owners throughout. They were looked to for the freight, and they paid it. This point presents no difficulty, and may be dismissed without further remark.

There was delay in reaching the wharf. The respondents admit liability to the extent of one day. I think another should be allowed for detention at this time. The evidence seems to require it, though there is some conflict between the witnesses about this. Are they liable for subsequent delay? This is the most serious question. An undue amount of time was occupied in unloading. Did this result from fault of the crew, who put the barrels out, or of the respondents, who received them?

Complaint is made of the position in which the vessel was placed at the wharf. This position, it is alleged, seriously retarded the work. It appears, however, to have been in accordance with the custom of the place, and is therefore not a proper subject of complaint. There is no doubt, however, that the position, and the state of the weather, interfered with the work, and thus some part of the time lost is accounted for. Does the evidence show that further time was lost by tardiness in receiving the barrels? The testimony on the one side and the other is irreconcilable. The witnesses are apparently all equally qualified to speak on the subject. I do not propose to discuss it. A careful examination has satisfied me that some delay was caused by tardiness in this respect. I am equally well satisfied, however, that all the delay did not result from this cause. It is a significant fact that the libelant settled for the freight without complaining in this respect. It is not consistent with the allegation that so great a loss had been sustained from this cause, that he should neither have protested while unloading, nor demanded compensation when settling. Still, as we have seen, the respondents admit liability for one day's detention in getting to the wharf. The failure to demand compensation for this tends to weaken the force of the inference just referred to; and, as before stated, I am convinced that some delay did arise from tardiness in receiving the barrels. Precisely how much, it is difficult to say. The burden of proof is on the libelant, and the consequences of uncertainty must fall on him. The respondent must not be held accountable for a greater sum than can be awarded with safety. One day will cover this, in my judgment, and the libelant will be allowed the demurrage provided by the charter for this, and the previous day referred to, in addition to the amount paid into court. To what cause the remaining time, unnecessarily occupied, should be ascribed, need not be determined. It is sufficient that the evidence does not justify me in holding the respondents liable for it.

A decree must be prepared accordingly.